### JOHN BLIGH *vs.* THOMAS T. JAMES.

Under an answer to an action to recover the price of intoxicating liquors sold in another state, which sets forth that the liquors were sold in violation of law, the defendant cannot be allowed to prove that they were sold by the plaintiff in another state for the purpose of being brought into this state to be here resold by the defendant in violation of law.

CONTRACT to recover the price of a barrel of gin and several empty barrels sold by the plaintiff to the defendant in Rhode Island. The defendant's answer denied that he ever purchased the articles, and alleged that, if he did, the sale was in violation of law.

At the trial in the superior court, before *Rockwell,* J., the defendant offered to prove that the sale was made in Rhode Island, by delivering the articles to a carrier upon an order from the defendant, for the purpose of being brought into this state to be here sold by the defendant in violation of law, and that the plaintiff had reasonable cause to believe that the defendant entertained such illegal purpose. To this the plaintiff objected, one reason assigned for the objection being that this ground of defence was not set up in the answer; but the judge admitted the evidence, and instructed the jury that, to sustain the defence, the defendant must prove affirmatively to their reasonable satisfaction that the liquor was sold in Rhode Island for the purpose of being brought into this commonwealth to be here kept or sold in violation of law, under such circumstances that the vendor had reasonable cause to believe that the purchaser entertained such illegal purpose.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. A. Burgess,* for the plaintiff.

*W. L. Southwick,* for the defendant.

BIGELOW, C. J. The evidence offered by the defendant did not sustain the averment in the answer. The ground of defence, as therein set forth, was that the liquor was sold in violation of law. The evidence proved that there was a sale of liquor agreed

on and executed in the state of Rhode Island by a delivery there of the article purchased to a common carrier selected by the defendant. This then was a completed sale in the state of Rhode Island. *Merchant* v. *Chapman*, 4 Allen, 362. No evidence was offered to show that such sale was illegal there, and no such presumption or inference could be made from the facts proved. On the contrary, the articles being merchandise which the plaintiff had sold and the defendant had purchased for an agreed price, the legal inference, in the absence of proof to show that, *lege loci contractus*, the sale was unlawful, is that the defendant was bound to pay the amount due for the liquor.

The real ground of defence was not that the sale was illegal, but that, the liquor having been sold by the plaintiff with a view to its resale in this commonwealth in violation of law, or under circumstances which gave the plaintiff reasonable cause to believe that such was the intent of the purchaser, no action for the price could be maintained in the courts of this commonwealth, under Gen. Sts. *c*. 86, § 61. But no such defence was set out in clear and precise terms in the answer, and although the instructions to the jury were full and accurate as applied to the facts in evidence, yet as the objection to the sufficiency of the answer was seasonably taken, we think the evidence was inadmissible and should have been rejected.

*Exceptions sustained.*